**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ERNEST LEE DOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:16-CV-03296-DGK-SSA |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Ernest Dobbs' applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had a "severe combination of impairments" consisting of obesity, degenerative disk disease, and spinal stenosis, but he retained the residual functional capacity ("RFC") to perform sedentary work.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on December 27, 2013, alleging a disability onset date of August 11, 2010. The Commissioner denied the applications at the initial claim level, and

Plaintiff appealed the denials to an ALJ. The ALJ held a hearing, and on April 20, 2015, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 24, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)-(g). Through Step Four of the analysis the

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Two by finding his anxiety was a non-severe impairment, or alternately, by failing to develop the record further by ordering a psychological consultative examination. Plaintiff also argues the ALJ erred at Step Four because her credibility determination was not supported by substantial evidence, and because she failed to include any mental limitations in the RFC.

## I.     The ALJ did not err at Step Two.

Plaintiff argues the ALJ erred at Step Two of the sequential evaluation process in finding that his anxiety was a non-severe impairment. Plaintiff notes the standard of proof for a severe impairment is very low, and he argues that he hurdles it.

In order to meet the Step Two "severity" requirement, Plaintiff had the burden of showing he had: (1) a "medically determinable" impairment or combination of impairments which (2) significantly limits his physical or mental ability to perform basic work activities without regard to age, education, or work experience, for the required twelve-month duration. 20 C.F.R. §§ 416.920(c), 416.921(a) (2013); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Although severity is not an onerous requirement, it is not a toothless standard either. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Here, substantial evidence supports the ALJ's finding that Plaintiff's anxiety did not more than minimally limit his ability to perform basic mental work activities during the relevant period. Granted, Plaintiff's primary care physician prescribed him some Xanax to take as needed when he was going through a divorce, and kept prescribing it when asked. R. at 305-07. This

---

claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

means he had a mental impairment. But the fact that a claimant is diagnosed with a mental impairment does not mean that impairment is severe. *See Buckner*, 646 F.3d at 557. As the ALJ rightly noted, Plaintiff never saw a mental health expert; in fact, he testified that he "never even thought about" seeking mental health treatment. R. at 44-45. Although Plaintiff argues the ALJ erred by relying too heavily on this lack of formal mental health treatment, the fact that Plaintiff never once saw a mental health professional for this allegedly severe impairment was a proper factor for the ALJ to consider. *See Whitman v. Coleman*, 762 F.3d 701, 706 (8th Cir. 2014) (noting a lack of treatment may indicate a problem is not serious). Nor is there any other evidence in the record, such as objective mental status testing or reports by Plaintiff to his doctor that the Xanax was not working, indicating his anxiety was uncontrolled or affected his ability to work. R. at 314-18 (monthly treatment notes which do not report any complaints that the Xanax was having the desired affect or other signs that Plaintiff's anxiety was impacting his ability to work.) In short, Plaintiff just did not meet his burden of demonstrating his anxiety was a severe impairment.

Plaintiff's alternate argument, that the ALJ erred by not ordering a psychological consultative examination, is similarly unpersuasive. It is the claimant's burden to prove disability and to provide medical evidence regarding the existence and severity of an impairment. *Kamanm v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). The ALJ has a duty to develop the record only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). Here, the evidence in the record was sufficient for the ALJ to find that Plaintiff's mental impairment was not severe, thus there was no error.

**II.** **The ALJ did not err at Step Four in analyzing Plaintiff's credibility or by failing to include mental limitations in the RFC.**

Next, Plaintiff argues that even if the ALJ did not err at Step Two, she erred at Step Four because her credibility analysis is not supported by substantial evidence. Plaintiff contends the ALJ erred by "cherry-picking" evidence in the record showing the objective data did not support his claims of disabling limitations, his work history had gaps in employment and years of low earnings, and his activities of daily living were inconsistent with his self-reported allegations that his ability to work was significantly limited.

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). In evaluating a claimant's subjective complaints, the ALJ must consider the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). These factors include the claimant's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness, and side effects of medication; any precipitating and aggravating factors; any functional restrictions; the claimant's work history; and the absence of objective medical evidence to support the claimant's complaints. *See id.*; *see also* 20 C.F.R. §§ 404.1529, 416.929. However, an ALJ need not discuss, or even cite, every *Polaski* factor in her decision. *Buckner*, 646 F.3d at 558.

In the present case, the Court notes the ALJ's observations are supported by the record, and that when an ALJ has identified three valid reasons—well, actually four[2]—for discounting a

___

[2] The ALJ also noted that the record contained evidence suggesting Plaintiff had gone shopping for a doctor who would support his application for disability benefits. R. at 15. This record supports this observation: Plaintiff reported on a "Medical Treatment Summary Form" provided to the Commissioner that his prior primary care doctor, Dr. Kenneth Ross, D.O., would send in all information in his files, but Dr. Ross had declined to fill out "ANY medical papers" or sign "anymore" reports to support his disability application. R. at 311. Plaintiff then called "at least ten" other doctors, none of which would see him. Fortunately, Plaintiff found Dr. David Myers, D.O., who

claimant's credibility, the ALJ is not "cherry-picking" from the record, she is making a well-supported credibility determination. *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination based on multiple valid reasons is entitled to deference). Since the ALJ gave good reasons for discounting Plaintiff's credibility,[3] the Court will not disturb this finding.

Plaintiff also contends the ALJ erred at Step Four by failing to include any mental limitations in the RFC. Plaintiff argues that because the ALJ found at Step Two when analyzing the four functional areas known as the "paragraph B" criteria that he had a mild limitation in social functioning and in concentration, persistence, or pace, then the ALJ should have included a limitation in the RFC determination, or at least explained why she did not include such a limitation.

As a threshold matter, it is the claimant's burden to prove his RFC, not the Commissioner's. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). In making this determination, the ALJ considers a host of factors, including the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and attempts to work. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). "A claimant's RFC represents the most he can do despite the combined effects of all of his *credible* limitations and must be based on all credible evidence." *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) (emphasis added).

_____

allegedly told Plaintiff he "would fill out both physical and mental forms for me, and said he would help in whatever way he could." R. at 313.

[3] *See Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015) (ruling a history of low earnings and inconsistent employment is a valid reason to discount a claimant's credibility); *Murphy v. Astrue*, 438 F. App'x 552, 553 (9th Cir. 2011) (finding the ALJ's adverse credibility determination was supported by the claimant's "apparent effort to doctor-shop until she received a diagnosis" that she was disabled); *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (holding lack of objective medical evidence is one of many valid factors to consider in evaluating credibility); *Hickey v. Astrue*, No. 4:07cv3111, 2008 WL 4065182, at *10 (D. Neb. Aug. 22, 2008) (finding activities such as hunting, fishing, and visiting friends and relatives are inconsistent with allegations of disabling limitations).

This is important because, as discussed above, the ALJ did not err in discounting Plaintiff's credibility concerning the extent of his symptoms.

Further, as the Commissioner noted in her response, and Plaintiff does not address in his reply brief, the limitations identified in the "paragraph B" criteria are used to rate the severity of mental impairments at Steps Two and Three of the sequential evaluation process; they are not an RFC assessment. *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996). The mere fact that an individual has a medically determinable impairment does not necessarily mean that the impairment restricts the individual's ability to function in the workplace. There is no credible evidence in the record here indicating that Plaintiff's anxiety—which he appears to have controlled simply by taking Xanax as needed—impacted his ability to work. Consequently, the ALJ did not err by not including any mental restrictions in the RFC.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:    September 14, 2017             /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT